Christopher Kao (No. 237716)
ckao@perkinscoie.com
Brian P. Hennessy (No. 226721)
bhennessy@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  650.838.4300
Facsimile:   650.838.4595

Attorneys for Plaintiff
craigslist, Inc.

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SBA

| | |
|---|---|
| CRAIGSLIST, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMESLIST AB, a Swedish corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. CV 12 3615<br><br>**COMPLAINT FOR:**<br><br>(1) Federal Trademark Infringement<br>(2) Federal False Designation of Origin<br>(3) Federal Dilution of a Famous Mark<br>(4) Federal Cyberpiracy Prevention<br>(5) California Trademark Infringement<br>(6) California Unfair Competition<br>(7) Common Law Trademark Infringement<br>(8) Common Law Unfair Competition<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. craigslist, Inc. ("craigslist") operates the website, www.craigslist.org, which provides localized classified ad placements and related online services for more than 700 cities in 75 countries worldwide. craigslist is one of the most visited websites in the world with more than 60 million Americans alone visiting the craigslist website each month, generating more than 50 billion page views, and posting more than 60 million free classified ads. As a result, craigslist has attained strong name recognition in the famous CRAIGSLIST mark—which is federally registered and has been used in commerce since 1995.

2. JamesList.com is a competing online classified advertising website. This lawsuit arises out of Defendants' use of the JAMESLIST mark, which is confusingly similar to the CRAIGSLIST mark.

## II. JURISDICTION

3. The Court has jurisdiction over this action:

  a. Pursuant to 28 U.S.C. § 1331, because the action alleges violations of federal statutes, including 15 U.S.C. §§ 1114, 1125(a), (c), and (d);

  b. Pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;

  c. Pursuant to supplemental jurisdiction per 28 U.S.C. § 1367 over the state law claims, because the alleged state claims are so related to the claims in this action over which this Court has original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

## III. VENUE

4. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in San Francisco, California. As Defendants are aware, and, at all times relevant, were aware, craigslist has its principal place of business in San Francisco. Defendants' actions knowingly targeted craigslist in San Francisco and caused craigslist to suffer harm and damages there.

## IV. INTRADISTRICT ASSIGNMENT

5. This is an Intellectual Property Action to be assigned on a district-wide basis under Civil Local Rule 3-2.

## V. THE PARTIES

6. craigslist is a Delaware corporation, with its principal place of business in San Francisco, California.

7. Defendant JamesList AB ("JamesList") is a Swedish corporation with its principal place of business at Birger Jarlsgatan 57A, 113 56 Stockholm, Sweden.

8. JamesList is the registrant of the JamesList.com domain, which, like craigslist.org, provides online classified advertisements.

9. JamesList.com is actively used within the United States, and by California residents in particular, including residents in this District. As of the date of the filing of this Complaint, the JamesList website includes at least the following classified advertisements in California:

- 1,168 listings for property (approximately 445 in this District)
- 1,486 cars for sale (approximately 286 in this District)
- 7 motorcylces for sale (approximately 4 in this District)
- 4,741 watches for sale
- 3 yachts for sale
- 13 jets for sale (approximately 2 in this District)
- 7 listings for helicopters for sale
- 43 car and motorcycle dealers (approximately 13 in this District)
- 7 watch dealers
- 1 yacht broker (approximately 1 in this District)
- 29 real estate brokers (approximately 11 in this District)

10. Does 1-25 are persons or entities responsible in whole or in part for the wrongdoing alleged herein ("Doe Defendants"). craigslist will amend this Complaint if and when the identities of such persons or entities and/or the scope of their actions become known.

11. Defendants JamesList and each of the Doe Defendants (referred to collectively in this Complaint as "Defendants") participated in, ratified, endorsed, or were otherwise involved in the acts complained of herein, and they are liable for such acts.

## VI. FACTUAL ALLEGATIONS

### A. craigslist.

12. The craigslist service was established in San Francisco, California, in 1995. It grew out of an email list to share information about events in and around the San Francisco Bay Area. However, it quickly gained in popularity and scope, and soon developed into an online forum for free local classified advertising and community discussions.

13. craigslist was incorporated in 1999.

14. Today, craigslist operates one of the most visited websites in the world. craigslist provides its largely free localized online classified ad services and discussion forums in hundreds of cities worldwide. More than 60 million Americans alone visit the craigslist website and post more than 60 million classified ads each month.

15. craigslist continues to maintain its headquarters in San Francisco, California. San Francisco is also its center of operations, and the majority of its computers and servers are located in San Francisco.

16. The greater Bay Area, and specifically San Francisco, remains one of the largest and most active communities of craigslist users.

17. Among its services, craigslist enables authorized users to post localized classified advertising on its website.

18. Other than modest fees for less than 1% of total ads (mostly job postings) in eighteen metropolitan areas, craigslist provides classified ad services to the public free of charge and free of third-party advertising (*e.g.*, banner ads, text-ads, pop-up ads, email ads).

**B.     craigslist's Trademarks.**

19.     craigslist is the owner of U.S. federal registrations nos. 2395628, 2905107, 2985065, and 3008562 for the CRAIGSLIST mark, covering, *inter alia*, "[a]dvertising and information distribution services," "online interactive bulletin boards for transmission of messages among computer users concerning classified listings," and "on-line computer data bases and on-line searchable databases featuring information, classified listings and announcements." craigslist has also registered the CRAIGSLIST mark in many other countries throughout the world.

20.     CRAIGSLIST has been used in commerce by craigslist since 1995. craigslist's use has been substantially continuous and exclusive. craigslist therefore owns common law rights in the CRAIGSLIST mark.

21.     craigslist has attained strong name recognition in the CRAIGSLIST mark. The mark has come to be associated with craigslist and identifies craigslist as the source of advertising, information, bulletin board and database services offered in connection with the mark.

22.     craigslist has also developed substantial goodwill in the CRAIGSLIST mark.

23.     The CRAIGSLIST mark is among craigslist's most important and valuable assets.

**C.     Defendants' Unlawful Activities.**

24.     Defendants use the JAMESLIST mark in commerce to capitalize on the confusing similarity between it and the famous CRAIGSLIST mark.

25.     Defendants use the JAMESLIST mark and Jameslist.com domain to operate a competing online classified advertising website that purports to offer high-end, luxury goods.

26.     Like craigslist, individual sellers can post classified ads featuring their goods on JamesList.com. The JamesList.com website states: "All registered members can place a listing on JamesList. Registering takes a few seconds, and adding a listing takes a couple of minutes."

27.     Like craigslist, interested buyers can respond to ads posted by JamesList.com sellers and Defendants are not involved in the transaction between the buyer and the seller. The

40753-0043/LEGAL24112563.3

COMPLAINT

JamesList.com website states: "Is JamesList involved in my transaction? No, we just put you in touch with the seller. The rest is up to you."

28. The JAMESLIST mark is substantially similar to the CRAIGSLIST mark, except that it includes the name "JAMES," instead of the name "Craig" prior to the word "LIST."

29. Defendants' substitution of the name "James" in place of the name "Craig" suggests a connection to craigslist's well-known Chief Executive Officer *James* Buckmaster—who has served as craigslist's CEO since 2000.

30. Defendants' use of the JAMESLIST mark causes confusion and mistake and is likely to deceive, customers and potential customers regarding the origin, affiliation, association, connection and/or endorsement of Defendants' products and services, Defendants' website, and/or Defendants with or by craigslist.

31. An article on luxurysociety.com commented on the "obvious word-play" between CRAIGSLIST and JAMESLIST as follows: "[The JamesList CEO and Founder] acknowledged the stark simplicity of his new venture by giving it a cheeky name, an obvious word-play on the ubiquitous classified ad site CraigsList.com." The article is available online at http://luxurysociety.com/articles/2010/04/noam-perski-ceo-and-founder-of-jameslistcom.

32. Wallstreetoasis.com provides an online, interactive forum where users can post questions and receive answers from other users regarding various topics of discussion. In one forum discussion, a user asked the question "What was that highend Craigslist site? Someone posted it a couple weeks back with links to his 'SA housing options' but it was essentially a Craigslist for the uber wealthy." At least two users responded to the question with the answer "Jameslist." The online discussion forum is available at http://www.wallstreetoasis.com/forums/what-was-that-highend-craigslist-site.

33. At no time has craigslist authorized or consented to Defendants' use of the JAMESLIST mark, the CRAIGSLIST mark, or any craigslist intellectual property.

34. At no time has craigslist had any association, affiliation or connection with, or endorsed Defendants' products or services, Defendants' website, or Defendants. Specifically,

Defendants' website and services are not authorized, approved, endorsed, or sponsored by, or associated, affiliated, or connected with craigslist.

35. In using the JAMESLIST mark, Defendants have willfully and deliberately profited from craigslist's pre-established goodwill and reputation.

36. Defendants attempted to register the JAMELIST mark with the U.S. Patent and Trademark Office. After the registration published for opposition on December 22, 2009, craigslist filed an opposition to the registration with the Trademark Trial and Appeal Board on June 14, 2010, based on the fact that the JAMESLIST mark is confusingly similar to the CRAIGSLIST mark.

37. On December 8, 2011, Defendants filed a voluntary renunciation of their trademark application for the JAMESLIST mark. On March 27, 2012, the TTAB entered Judgment against JamesList, concluding that the JAMESLIST mark is not eligible for federal trademark protection.

38. Defendants likewise abandoned their trademark application for the JAMESLIST mark in Canada on December 5, 2011, after craigslist filed its Opposition to that application.

39. Defendants have nonetheless continued to use the JAMESLIST mark in commerce in the United States.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Federal Trademark Infringement—15 U.S.C. §1114)

40. craigslist realleges and incorporates by reference all of the preceding paragraphs.

41. craigslist owns U.S. federal registrations nos. 2395628, 2905107, 2985065, and 3008562 for the CRAIGSLIST mark.

42. Defendants' use of the JAMESLIST mark is without the permission of craigslist.

43. Defendants' use of the JAMESLIST mark in interstate commerce constitutes a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of craigslist in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive.

44. As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court.

45. As a direct and proximate result of Defendants' misconduct, craigslist has suffered and is entitled to monetary relief in an amount not yet determined.

46. craigslist is informed and believes, and on that basis alleges, that Defendants' misconduct has been knowing, deliberate and willful.

## SECOND CLAIM FOR RELIEF
(Federal False Designation of Origin—15 U.S.C. §1125(a))

47. craigslist realleges and incorporates by reference all of the preceding paragraphs.

48. Defendants' unauthorized use of the JAMESLIST mark in interstate commerce is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products or services are provided by craigslist, associated or connected with craigslist, or have the sponsorship, endorsement, or approval of craigslist, in violation of 15 U.S.C. §1125(a).

49. Defendants' misconduct resulting in such likelihood of confusion, deception, and mistake will continue unless enjoined by this Court.

50. As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court.

51. As a direct and proximate result of Defendants' misconduct, craigslist has suffered and is entitled to monetary damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
(Federal Dilution of a Famous Mark—15 U.S.C. §1125(c))

52. craigslist realleges and incorporates by reference all of the preceding paragraphs.

53. The CRAIGSLIST mark is a famous and distinctive mark, and is widely recognized by the general consuming public of the United States as a designation of source of craigslist's services.

54. The CRAIGSLIST mark was famous prior to the time the Defendants commenced use of the JAMESLIST mark in commerce.

55. Defendants' use of the JAMESLIST mark is likely to cause an association arising from the similarity between the JAMESLIST mark and CRAIGSLIST mark that impairs the distinctiveness of and/or harms the reputation of craigslist's famous mark.

56. Defendants' use of the JAMESLIST mark in commerce is likely to cause dilution by blurring or dilution by tarnishment of the famous CRAIGSLIST mark in violation of the Lanham Act, 15 U.S.C. §1125(c).

57. As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court.

**FOURTH CLAIM FOR RELIEF**
(Federal Cyberpiracy Prevention—15 U.S.C. §1125(d))

58. craigslist realleges and incorporates by reference all of the preceding paragraphs.

59. The CRAIGSLIST mark was famous and distinctive at the time JamesList.com was registered.

60. Defendants, without regard to the products or services provided by craigslist and with a bad faith intent to profit from the CRAIGSLIST mark have registered, trafficked in, and continue to use their domain name that is identical or confusingly similar to or dilutive of the CRAIGSLIST mark, in violation of the Lanham Act, 15 U.S.C. §1125(d).

61. Defendants' use of JAMESLIST is likely to cause an association arising from the similarity between JAMESLIST and CRAIGSLIST that impairs the distinctiveness of and/or harms the reputation of craigslist's famous mark.

62. As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless the Court orders that the JamesList.com domain be forfeited or cancelled, or transferred to craigslist.

## FIFTH CLAIM FOR RELIEF
(California Trademark Infringement—Cal. Bus. & Prof. Code §14245)

63. craigslist realleges and incorporates by reference all of the preceding paragraphs.

64. Defendants' unauthorized use of the JamesList Mark in connection with the sale, offering for sale, distribution or advertising of their products or services is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products or services are provided by craigslist, associated or connected with craigslist, or have the sponsorship, endorsement, or approval of craigslist, in violation of California Business & Professions Code Section 14245.

65. craigslist is informed and believes, and on that basis alleges, that Defendants' acts were in conscious and willful disregard of craigslist's trademark rights.

66. As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
(California Unfair Competition—Cal. Bus. & Prof. Code §17200, *et seq.*)

67. craigslist realleges and incorporates by reference all of the preceding paragraphs.

68. By the acts described herein, Defendants have engaged in unlawful and unfair business practices that have injured and will continue to injure craigslist in its business and property, in violation of California Business and Professions Code Section 17200, *et seq.*

69. Defendants' acts alleged herein have caused monetary damages to craigslist in an amount to be proven at trial, and have caused and will continue to cause, irreparable injury to craigslist and its business, reputation, and trademarks, unless and until Defendants are permanently enjoined.

70. As a direct and proximate result of Defendants' conduct alleged herein, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

### SEVENTH CLAIM FOR RELIEF
(Common Law Trademark Infringement)

71. craigslist realleges and incorporates by reference all of the preceding paragraphs.

72. Defendants' unauthorized use of the JAMESLIST mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products or services are provided by craigslist, associated or connected with craigslist, or have the sponsorship, endorsement, or approval of craigslist, in violation of the common law.

73. Defendants' misconduct resulting in such actual and likelihood of confusion, deception, and mistake will continue unless enjoined by this Court.

74. As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court.

75. As a direct and proximate result of Defendants' misconduct, craigslist has suffered and is entitled to monetary damages in an amount to be determined at trial.

76. In addition, Defendants' conduct described herein has caused and, if not enjoined will continue to cause, irreparable damage to craigslist's rights in its marks, and to the business, positive reputation and goodwill of craigslist, which cannot be adequately compensated solely by monetary damages. craigslist therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

### EIGHTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

77. craigslist realleges and incorporates by reference all of the preceding paragraphs.

78. craigslist is informed and believes, and on that basis alleges, that Defendants have engaged in and continue to engage in unfair competition by using the JamesList mark with the intention of interfering with and trading on the business reputation and goodwill engendered by craigslist through hard work and diligent effort.

79. Defendants' acts have caused craigslist competitive injury, as described herein, and specifically have caused craigslist to incur damages in an amount to be proven at trial

consisting of, among other things, diminution in the value of and goodwill associated with the CRAIGSLIST mark.

80. As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court.

## VIII. PRAYER FOR RELIEF

WHEREFORE, craigslist prays that judgment be entered in its favor and against Defendants, as follows:

1. That the Court grant injunctive relief enjoining Defendants, their employees, agents, representatives, successors, assigns, and all others acting in concert with them, from:

   a. Using the JAMESLIST mark, or terms, marks, symbols or indicia confusingly similar to the CRAIGSLIST mark in connection with the production, advertisement, promotion, distribution, offering for sale, or selling of online products or services; and

   b. Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to confuse, deceive, or otherwise mislead the trade or public into believing that Defendants and craigslist are one and the same or are in some way connected, that craigslist is a sponsor of Defendants, or that Defendants' products or services originate or are associated with craigslist;

2. That the Court order Defendants to pay craigslist monetary damages for the harm resulting from infringement of the CRAIGSLIST mark, in an amount to be determined at trial;

3. That the Court order craigslist's damages be trebled and Defendants to pay craigslist's reasonable attorneys' fees on the basis that this is an exceptional case;

4. That the Court order Defendants to pay craigslist restitution for violation of California Business and Professions Code Section 17200, *et seq.*; and

5. That the Court grant such other and further relief as it should deem just.

DATED: July 11, 2012

PERKINS COIE LLP

By: _____
Brian Hennessy (SBN 226721)
BHennessy@perkinscoie.com

Attorneys for Plaintiff craigslist, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues in the above-captioned action which are triable to a jury.

DATED: July 11, 2012

PERKINS COIE LLP

By: *[signature]*
Brian Hennessy (SBN 226721)
BHennessy@perkinscoie.com

Attorneys for Plaintiff craigslist, Inc.